UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAMISON,

                Plaintiff,                        Case Number: 2:14-CV-13995
                                                    HONORABLE ARTHUR J. TARNOW

v.

LENAWEE COUNTY PROBATION
DEPT.,

                Defendant.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.**

Pending before the Court is Plaintiff Robert Jamison's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff's claims relate to his sentencing for a 2013 conviction in Lenawee County Circuit Court for two counts of lying to a peace officer. He alleges that the Lenawee County Probation Department improperly included polygraph test results in a presentence investigation report and that he was not permitted to see the report until the day of sentencing.[1] Plaintiff names a single defendant, the Lenawee County Probation Department. Plaintiff seeks monetary relief and also to have

---

[1] Plaintiff made similar allegations about the pre-sentence report in a habeas corpus case assigned to this Court. *See Jamison v. Bergh,* No. 14-13658 (E.D. Mich. Sept. 19, 2014).

his sentence vacated. For the reasons which follow, the complaint is dismissed for failure to state a claim upon which relief may be granted.

## II.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such

relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  Similarly, the Court is

required to dismiss a complaint seeking redress against government entities, officers, and

employees that it finds to be frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. See 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable

basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was

deprived of a right, privilege, or immunity secured by the federal Constitution or laws of

the United States, and (2) the deprivation was caused by a person acting under color of

state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).  A *pro se* civil rights

complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## III.

Plaintiff names a single defendant, the Lenawee County Probation Department.

The probation department is a department of the county.  It is not a legal entity subject to

suit under § 1983.  *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Victor v.*

*Roscommon County Probation Dept.,* 2012 WL 1598150, *2 (E.D. Mich. Feb. 6, 2012)

(dismissing § 1983 claims against county probation department because "it is well-settled

that a county department is not a legal entity capable of being sued, nor is it a "person"

for purposes of a § 1983 action").

In addition, Plaintiff's complaint challenges his present incarceration.  He argues

that he was sentenced based upon information improperly included in a presentence

investigation report.  The complaint necessarily challenges the validity of Plaintiff's

sentence.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging

a condition of his imprisonment.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  In

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court established that a

state prisoner does not state a cognizable civil rights claim challenging his imprisonment

if a ruling on his claim would necessarily render his continuing confinement invalid, until

and unless the reason for his continued confinement has been reversed on direct appeal,

called into question by a federal court's issuance of a writ of habeas corpus under 28

U.S.C. § 2254, or otherwise invalidated.  *See also Ruff v. Runyon*, 258 F.3d 498, 502 (6th

Cir. 2001) (*Heck* holding applies equally to an action that would invalidate a federal

conviction that has not been declared invalid or otherwise impugned).  Because Plaintiff

has not achieved a favorable termination of his criminal case, this complaint is barred by

*Heck*.

Accordingly, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e), for

failure to state a claim upon which relief may be granted.

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 2, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 2, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant